UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL PATRICK DILLON,

        Plaintiff,              2:13-cv-01614-CL

        v.                          REPORT AND
                                      RECOMMENDATION
NP LINDA GRUENWALD,
et al.,

        Defendants.

Clarke, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC) at the time giving rise to his claims, filed a complaint under 42 U.S.C. § 1983 alleging an Eighth Amendment claim based on defendants' alleged "deliberate indifference to (his) medical needs, pain and suffering, and injury," and a Fourteenth Amendment claim based on defendants' alleged refusal to provide him with the "same medical treatment and pain management that (was) being

1 - REPORT AND RECOMMENDATION

provided to other inmates." Complaint (#2) p. 4-5.

On February 21, 2014, defendants filed an "Unenumerated Rule 12(b) Motion to Dismiss" (#24). By Order (#30) entered April 17, 2014, the court held: "In light of the *Albino v. Baca* decision,[1] and because defendants' motion relies on documentation outside the face of the complaint, the Court hereby construes defendants' Unenumerated Motion to Dismiss (#24) as a motion for summary judgment." The court further directed the Clerk of the Court to issue a Summary Judgment Advice and Scheduling Order, which was sent to plaintiff on April 17, 2014.

Plaintiff did not file a further response or otherwise supplement the record.

As a preliminary matter, in addition to the named defendants, plaintiff lists "10 other unnamed persons" as defendants. The "unnamed persons" should be dismissed as a matter of law because they have not been identified or served within the 120 days after the filing of the complaint.[2] Fed.

---

[1] In *Albino v. Baca*, __F.3d__, 2014 WL 1317141, at *1 (9th Cir. Ap. 3, 2014) the Ninth Circuit Court of Appeals overruled *Wyatt v. Terhune* in an *en Banc* decision.

[2] Plaintiff filed his complaint on September 12, 2013, and therefore the 120 days elapsed on January 9, 2014. Plaintiff has not demonstrated good cause for the failure to name or serve the "unnamed persons" within 120 days or requested an extension to do so.

R. Civ. P 4(m). *See*, Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995).

The PLRA mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including but not limited to, suits under § 1983. Woodford v. Ngo, 548 U.S. 81, 85 (2006). An inmate is required to exhaust only *available* remedies. Booth v. Churner, 532 U.S. 731, 736 (2001); Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). To be available, a remedy must be available "as a practical matter;" it must be "capable of use; at hand." *Id*. at 937 (quoting *Brown v. Croak*, 312 F.3d 109,(3d Cir. 2002).

The Court made clear in Jones v. Bock, 549 U.S. 199 (2007), that the defendant in a PLRA case must plead and prove exhaustion as an affirmative defense. In *Albino v. Baca*, the Ninth Circuit set forth the exhaustion burdens applicable to PLRA cases as follows:

> "[W]e hold that the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy. * * * Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. * * * However,, as required by *Jones*, the ultimate burden of proof remains on the defendant.

Albino v. Baca, *supra* at p. 18.

3 - REPORT AND RECOMMENDATION

The court noted that "[o]ur sister circuits generally agree with this description of the respective burdens.

The issue of whether an administrative remedy was "available" has been addressed in several Ninth Circuit cases. In Nunez v. Duncan, 591 F.3d 1217 (9th Cir. 2010) the court held that where a prison warden incorrectly implied that an inmate needed to access a nearly unobtainable prison policy in order to bring a timely administrative appeal, "the Warden's mistake rendered Nunez's administrative remedies effectively unavailable." Id. at 1226. In Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010) the court held that where prison officials declined to reach the merits of a particular grievance "for reasons inconsistent with or unsupported by applicable regulations, administrative remedies were effectively unavailable." Id. at 823-24. In Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (per curiam), the court reversed a district court's dismissal of a PLRA case for failure to exhaust because the inmate did not have access to the necessary grievance forms within the prison's time limits for filing a grievance and because the inmate had been reliably informed that the remedy was not available to him.

In Albino v. Baca, the "Custody Division Manual" included a section dedicated to "Inmate Complaints." However, prisoners, including the plaintiff, were not given

4 - REPORT AND RECOMMENDATION

access to the manual or even told of its existence. In addition, complaint forms were available only upon request and were not placed where inmates could see or take them. Inmates were not told that complaints had to be in writing and the complaint boxes were not designated as such and did not have anything written on them to indicate their purpose. Under these circumstances, the court held that the defendants failed to carry their burden of proving their affirmative defense that there was an available administrative remedy that the plaintiff failed to exhaust.

Plaintiff alleges in Claim I that his "right to be free of cruel and unusual punishment as proscribed by the U.S. Constitution Eighth Amendment, was violated by defendants's deliberate indifference to the plaintiff's medical needs, pain and suffering and injury." Complaint (#2) p. 4A. Specifically, plaintiff complains that defendants discontinued his long term pain medication and ignored his known injuries and level of pain. Plaintiff further alleges that defendants were deliberately indifferent to his serious medical needs by failing to perform a Magnetic Resonance Imaging (MRI) procedure and by only providing him with non-steroidal anti-inflammatory drugs for pain management.

The Oregon Department of Corrections has a grievance system to address inmate complaints. ORS 291-109-0100 et seq.;

5 - REPORT AND RECOMMENDATION

*See*, Hillmick Declaration (#26) Attachment 2.

Plaintiff filed at least four grievances regarding the issues he raises in Claim I. However, the Declaration of Robert Hillmick (#26) establishes that plaintiff failed to comply with the procedural rules pertaining to filing grievances and did not correct and resubmit the grievances after they were denied.

I find that the Hillmick Declaration (#26) satisfies defendants' burden of establishing that there was an available administrative remedy for plaintiff's complaints and that plaintiff did not properly exhaust that remedy.

Therefore, it becomes plaintiff's burden to prove that there was something in his particular circumstances that made the existing and generally available administrative remedies effectively unavailable to him. Plaintiff has failed to satisfy that burden.

Plaintiff alleges that he has filed "numerous" grievances regarding his pain, nerve damage and muscle paralysis and that defendants have not "fully disclosed" all of those grievances to the court. Plaintiff states that he does not have access to those records because he was required to send those records home. Plaintiff's Opposition (#29) p. 2. However, plaintiff filed a change of address notice on May 27, 2014 (#33) and is no longer in the physical custody of the ODOC. I find that

6 - REPORT AND RECOMMENDATION

plaintiff's reason for his failure to present such documentation is not sufficient to excuse the failure of proof or create a material issue of fact.

Plaintiff generally argues that defendants "repeatedly caused delays ... during each step of (his) attempts to receive appropriate medical care. Plaintiff's Opposition (#29) p. 3. However, plaintiff has failed to demonstrate a single specific instance where defendants failed to respond to his grievances within the prescribed time periods or actively thwarted his ability to properly exhaust the required procedures.

Plaintiff's Grievance TRCI.2013.05-111 concerned Nurse Gruenwald's refusal to provide him with pain medication. Hillmick Declaration (#26) Attachment 5. Defendants responded: "Mr. Dillon you have been scheduled to see another provider for a second opinion regarding your neck pain." Plaintiff argues that because his second appointment was not scheduled until after the time for an appeal had expired, that "administrative remedies [were exhausted} in this matter." Plaintiff Opposition (#29) p. 1.

Plaintiff's argument in this regard has a ring of logic. However, given that he was allegedly in excruciating pain, it would have been reasonable - and possible - to have appealed the grievance response prior to the delayed second opinion

7 - REPORT AND RECOMMENDATION

appointment.

Plaintiff's other arguments are equally unavailing. The un-controverted Declaration of Robert W. Hillmick (#26) establishes that plaintiff failed to properly exhaust the procedures available to him. The Inmate Communication and Grievance Review System provided by Oregon statutes and administrative rules is arguably complex and difficult to navigate. However, requiring compliance with its requirements does not render those remedies "effectively unavailable" to an inmate.

Plaintiff alleges in Claim II that his "rights to Equal Protection under the Fourteenth Amendment were violated when defendants refused access to the same medical treatment and pain management that is being provided to other inmates." Complaint (#2) p. 5A.

Plaintiff did not file any grievances about the denial of his equal protection rights. In plaintiff's *appeal* of Grievance NO TRCI.2013,05.112 plaintiff alleged: "[O]ther inmates with similar conditions to mine are now receiving pain meds while also not being restricted from employment, as I am, and they are also being allowed sports (basketball) ... odd ... the disparity in treatment is blatant and unfair." Declaration of Hillmick Declaration (#26) Attachment 6, page 2.

8 - REPORT AND RECOMMENDATION

However, pursuant to Or. Admin. R. § 291-109-0170(2)(a)(A), "[t]he scope of the original grievance cannot be expanded. No additional information may be submitted unless the information was unavailable to the inmate at the time of the original grievance or first-level appeal was filed and the information is directly related to the alleged issue being grieved."

Plaintiff's Grievance No. TRCI.2013.05.112 made no mention of his equal protection rights or "disparate treatment," and that issue was not related to the matter being grieved - the denial of short term pain medication. Plaintiff's mention of other inmates being treated differently is most reasonably construed as an argument in support of his request for pain medication and not an equal protection claim. Therefore, I find that plaintiff did not exhaust his administrative remedies with respect to Claim II.

Based on all of the foregoing, defendants' Unenumerated Rule 12(b) Motion to Dismiss (#24), construed as a motion for summary judgment, should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

9 - REPORT AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this 26 day of September, 2014.

Mark D. Clarke
United States Magistrate Judge

10 - REPORT AND RECOMMENDATION